IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| HELEN KIRCH, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | Civil No. 1:18-cv-213 |
| v. | ) | Hon. Liam O'Grady |
| STEPHANIE RUSSO KOWALSKI, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant Stephanie Russo Kowalski's Second Motion to Dismiss (Dkt. 21). Having reviewed the pleadings and the record, the Court finds that oral argument would not assist its resolution of this matter.

The Court previously granted a Motion to Dismiss by Defendant, finding that Plaintiffs had failed to state a claim for fraud. *See* Dkt. 19. Defendant filed the instant motion in response to Plaintiffs' Amended Complaint, seeking dismissal of Plaintiffs' claims for fraud (Count Two) and constructive fraud (Count Three). *See* Dkt. 21; Dkt. 22 at 6. For the reasons explained below, Defendant's motion is **GRANTED** and Plaintiffs' fraud claims (Counts Two and Three) are **DISMISSED WITHOUT PREJUDICE**.

### I. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2) which requires "a short and plain

1

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

While "detailed factual allegations" are not required, Rule 8 demands that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

In Virginia, to state a claim for fraud, a plaintiff must allege: (1) a false representation; (2) of a material fact; (3) that was made knowingly and intentionally; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled. *See Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 738 (E.D. Va. 2010). A party alleging fraud must state the circumstances constituting fraud with particularity. *Id.*; Fed. R. Civ. P. 9(b). The complaint must plead with particularity the time and place the misrepresentations were made, the contents of those misrepresentations, the identity of the individual making the misrepresentations, what the individual making the misrepresentation gained from making it, and that the aggrieved party reasonably and detrimentally relied on those misrepresentations. *Sewraz v. Nguyen*, No. 3:08-cv-90, 2011 WL 201487, at *8 (E.D. Va. Jan. 20, 2011).

## II.  ANALYSIS

Here, Plaintiffs have alleged that Defendant (1) "regularly and consistently caused large sums [of more than $700,000] to be diverted from Mr. [Roy] Russo's IRA account . . . to her

2

own account and control," and that Defendant did so when she "knew or should have known" that Mr. Russo lacked the capacity to make important financial decisions, and (2) forged Mr. Roy Russo's signature after his death in order to open a line of credit and take money from his estate's accounts. Dkt. 20 at ¶¶ 28, 31-32. The Amended Complaint fails to state a claim as to both components of the fraud claim.

Related to the diversion of assets from Mr. Roy Russo's IRA account, the Amended Complaint does not identify any specific false representation by Defendant that caused the diversion. Instead, the Amended Complaint identifies actions by the law firm of Cohn and Marks and actions by Marc Lippman. *See, e.g.*, Dkt. 20 at ¶ 16 ("On February 19, 2015, the law firm of Cohn and Marks caused the decedent's IRA in the amount of $811,000.00 to be rolled over."); ¶ 18 ("Marc Lippman caused to be transferred $50,000.00 of the IRA funds of Mr. Russo to the account of Stephanie Kowalski."). The Amended Complaint describes Mr. Lippman as Defendant's "agent" and in a single paragraph claims that Defendant "regularly and consistently caused large sums totaling cumulatively sums [sic] in excess of $700,000.00 to be diverted from Mr. Russo's IRA account . . . to her own account and control." *Id.* at ¶¶ 20, 28. Plaintiffs reassert this exact claim in their Opposition, stating "the defendant regularly and consistently caused large sums totaling cumulatively in excess of $700,000 to be diverted from Mr. Russo's IRA account . . . to her own account and control." Dkt. 25 at 4. This sentence appears to be Plaintiffs' only allegation of an action taken by Defendant.

Plaintiffs do not identify a single specific misrepresentation or omission by Defendant. Instead, they vaguely assert that Defendant "through de facto statements, omissions, and opportunistic endeavors did . . . make de facto misrepresentations through statements, omissions, and opportunistic endeavors." Dkt. 20 at ¶ 20. To justify the lack of specificity in their

allegations, Plaintiffs include a disclaimer asserting that pleading with particularity is "a challenge" because Mr. Roy Russo is deceased, and arguing that Plaintiffs will sharpen their fraud allegations after discovery. *Id.* at 3, n.1.

This is not sufficient to state a claim. As explained above, the Amended Complaint must plead fraud with particularity. It is insufficient to make bare assertions without identifying a specific misrepresentation or omission by Defendant, let alone without providing the time, place, and contents of any misrepresentation. Plaintiffs do not plead any facts related to how or when Defendant caused Mr. Lippman to make the money transfers, nor do they explain why Mr. Lippman should be considered Defendant's "agent" such that his actions should be attributed to Defendant. Nor do Plaintiffs allege that they or Mr. Roy Russo relied to their detriment on any specific misrepresentations or omissions Defendant may have made.

Plaintiffs suggest that Defendant had a confidential relationship with the decedent giving rise to a "presumption to fraud" and shifting the burden to prove the legitimacy of the transaction to Defendant. *See id.* at ¶ 3 ("Stephanie Kowalski . . . had a confidential and fiduciary relationship with the decent [sic], Roy Russo."); Dkt. 25 at 9 (citing *Econompoloulos v. Kolaitis*, 528 S.E. 714, 718 (Va. 2000)). Although it is true that a confidential relationship gives rise to a presumption of fraud and shifts the burden of proof, a plaintiff must first establish the existence of a confidential relationship. *See Econompoloulos*, 528 S.E. at 718-19 (declining to find a confidential relationship based on a long-standing business relationship between a father and son). A confidential relationship may exist in a familial relationship that is accompanied by an attorney-client relationship or by a principal-agent relationship, or where one family member provides financial advice or handles the finances of another family member. *Id.* at 718. But here, Plaintiffs do not offer the Court any facts to support their claim that Defendant and the decedent

had a confidential relationship. Plaintiffs' allegations of a confidential relationship are just as conclusory and unsupported as their claims of misrepresentation and omission, and should be rejected on that basis.

Finally, Plaintiffs also fail to state a claim for fraud arising from allegedly forged checks. Although the Amended Complaint meets most of the elements of fraud with regard to the forged checks (alleging the identity of the person making the alleged misrepresentations as the Defendant, alleging what she gained from the misrepresentations as money from Mr. Roy Russo's bank accounts, and alleging when the misrepresentations occurred ("after the death" of Mr. Roy Russo)), the Amended Complaint does not plead facts showing that Plaintiffs reasonably relied to their detriment on the allegedly forged checks.

### III. CONCLUSION

For these reasons, and for good cause shown, Defendant's motion is **GRANTED** and Plaintiffs' fraud claims (Counts Two and Three) are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may refile within <u>twenty days</u> from the date of this Order. Plaintiffs are advised that failure to plead fraud with particularity in any amended complaint will result in dismissal with prejudice. This matter remains before the Court on Count One, Plaintiffs' conversion and misappropriation claim.

It is **SO ORDERED**.

July 25, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge